EMARD DANOFF PORT TAMULSKI & WALOVICH LLP
Andrew I. Port (State Bar #120977)
Katharine Essick (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: (415) 227-9455
Facsimile: (415) 227-4255
E-Mail: aport@edptlaw.com
kessick@edptlaw.com

Attorneys for Defendants
SEALIFT, INC. and SCOTT MOSER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QAIS AHMED,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT MOSER, SEALIFT, INC., and UNITED STATES OF AMERICA,<br><br>Defendants. | Case No.: 14 CV 00823 JD<br><br>**STIPULATION AND QTF GT TO TRANSFER ACTION TO EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP DIVISION)**<br><br>28 U.S.C. § 1404(a) |

- 1 -
STIPULATION AND ORDER TO TRANSFER ACTION
Case No.: 14 CV 00823 JD

EMARD DANOFF PORT
TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

**Stipulation**

Whereas,

1. Based upon events that occurred while he was working on a ship in Asia, plaintiff Qais Ahmed brought this employment-related action against: (1) the United States of America under the Suits in Admiralty Act; (2) his employer, Sealift, Inc. for violation of Title VII; and (3) his former supervisor, Capt. Scott Moser, for violation of 42 U.S.C. § 1981 and intentional torts;

2. On July 15, 2014, this Court granted the United States' motion to dismiss for lack of subject matter jurisdiction and dismissed it from the action;

3. Pending before the Court is Sealift's motion to dismiss the Title VII claim asserted against it on the ground of improper venue, or else to sever and transfer that claim to the Eastern District of New York, where Sealift asserts venue would be proper under Title VII;

4. Also pending before the Court is the motion by defendant Capt. Scott Moser, a resident of Florida, to dismiss the claims against him based upon the Court's lack of personal jurisdiction;

5. Plaintiff has taken discovery on the issues raised by these motions and has until December 26, 2014 to file oppositions to the motions based upon that discovery;

6. Title 28 of the United States Code, Section 1404(a), provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action … to any district or division to which all parties have consented";

7. Following meet and confer efforts, the parties have consented to the transfer of this action to the Eastern District of New York, Central Islip Division, if the Court so allows;

8. For the following reasons, this Court's transfer of the action to the Eastern District of New York, Central Islip Division, would promote the convenience of the parties and witnesses and would be in the interest of justice;

    a. Unless the parties agree to one court where all of Plaintiff's claims can be tried, it is possible that Plaintiff will need to pursue his claims against each defendant in separate courts;

    b. Although Plaintiff asserts different claims against each defendant, there is

EMARD DANOFF PORT
TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

STIPULATION AND ORDER TO TRANSFER ACTION
Case No.: 14 CV 00823 JD

significant overlap of witnesses and records, such that it would be more convenient for Plaintiff, Sealift, Capt. Moser, and the witnesses if the claims can be resolved in a single proceeding in the most conveniently located district court;

    c. The Eastern District of New York is closer and much more convenient to defendant Scott Moser, an individual residing in Florida, than the Northern District of California;

    d. To avoid duplicative proceedings and for greater convenience, Capt. Moser will consent to the personal jurisdiction of the Eastern District of New York, Central Islip Division, if this Court transfers the case there;

    e. The Eastern District of New York is also more convenient for the majority of key witnesses, most of whom reside in that District or elsewhere on the East Coast; and

    f. The relevant employment records are located at Sealift's offices in the Eastern District of New York on Long Island.

Based on the foregoing, the parties respectfully request that the Court transfer this action to the Eastern District of New York, Long Island Courthouse, Central Islip Division, pursuant to 28 U.S.C. § 1404(a).

DATED: December 5, 2014    BERSCHLER ASSOCIATES, PC

By  /s/ Arnold I. Berschler
    Arnold I. Berschler
Attorneys for Plaintiff
QAIS AHMED

DATED: December 5, 2014    EMARD DANOFF PORT TAMULSKI
    & WALOVICH LLP
    Andrew I. Port
    Katharine Essick

By  /s/ Katharine Essick
    Katharine Essick
Attorneys for Defendants
SEALIFT, INC. and SCOTT MOSER

EMARD DANOFF PORT
TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 3 -

STIPULATION AND ORDER TO TRANSFER ACTION
Case No.: 14 CV 00823 JD

**Certification of Signatures**

I attest that the content of this document is acceptable to all persons above, who were required to sign it.

/s/ Katharine Essick
Katharine Essick

**Order**

The Court finds that a transfer of this action to the Eastern District of New York, Central Islip Division, would serve the convenience of parties and witnesses and is in the interests of justice. Accordingly, pursuant to 28 U.S.C. § 1404(a) and the stipulation of all the parties, the Court hereby transfers this action to the Eastern District of New York, Central Islip Division.

IT IS SO ORDERED.

Dated: December 8, 2014

JAMES DONATO
UNITED STATES DISTRICT JUDGE

EMARD DANOFF PORT
TAMULSKI & WALOVICH LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 4 -

STIPULATION AND ORDER TO TRANSFER ACTION
Case No.: 14 CV 00823 JD